In the Matter of the Claim of Louis Perfetto, Respondent, v. Terminal System, Inc., et al., Appellants, and Acme Concrete Burial Vault Co., Inc., et al., Respondents. Workmen's Compensation Board, Respondent.— The board has found claimant partially disabled as the result of back injuries sustained in accidents occurring April 27, 1959 and October 31, 1960 in separate employments and has apportioned liability equally. Appellants contest the finding that the disability continuing after January 16, 1961 is in part attributable to the 1960 accident; but their argument goes only to the weight of the medical evidence of causal relation; and that, of course, was for the board. Thus, appellants would eliminate Dr. Cymerman's finding of causal relation because it developed on the hearing that the doctor was unaware of the 1959 accident and of the back symptoms preceding the 1960 accident; but counsel did not pursue this line of inquiry and the doctor was not asked whether these factors would affect his opinion as previously expressed. Similarly, appellants would vitiate Dr. Labate's opinion of causation because, on cross-examination, he agreed that claimant would be " in the same medical picture " as that existing prior to the second accident *if* his symptoms were the same as before; but there is evidence that the symptoms were markedly different and the disability greater following the second accident. Dr. Mulle, who had examined claimant after each accident, believed the effects of the first accident had cleared up and found the back condition following and attributable to the second accident a " new

entity ". Appellants would avoid his testimony because, when asked on cross-examination whether claimant had reverted to his preaccident state, he said, " On an organic basis, yes "; but he followed this with the statement that " there is still the very large functional element." Decision affirmed, with costs to respondent employer and carrier. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ.